# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 2:18-264-RMG |
| | ) |
| Brian Dale Lee, | ) |
| | ) |
| Defendant. | ) **ORDER** |
| | ) |

This matter comes before the Court on Defendant's fourth motion for compassionate release. (Dkt. No. 452). Defendant contends that he does not have access to adequate medical care for his chronic kidney disease and does not have adequate access for a kidney transplant. (*Id*. at 4). The Government opposes the motion and has provided information concerning Defendant's ongoing three times per week dialysis and the processing of his application for a kidney transplant. (Dkt. No. 463 at 13-14; 463-1). The motion has been fully briefed and is ripe for disposition.

## Jurisdiction

To invoke the jurisdiction of this Court, a defendant must first submit to his warden a request for compassionate release and thirty days must have passed. 18 U.S.C. § 3582(c)(1)(A). Defendant has attached to his motion a letter dated June 30, 2025, from his warden confirming that he has timely requested compassionate release from his warden and that the request has been denied. (Dkt. No. 452 at 5). The Court is satisfied that Defendant has submitted a request for compassionate release and thus has jurisdiction over this motion.

## Legal Standard

Recent statutory and sentencing guideline changes have provided district courts the authority to reduce the sentences of previously sentenced federal inmates under certain limited

1

circumstances so long as the defendant can satisfy standards under 18 U.S.C. § 3553(a). These include:

1. The defendant is suffering from a terminal illness, USSG 1B1.13(b)(1)(A);

2. The defendant is suffering from mental and/or physical conditions which substantially diminish his capacity to provide for self-care, USSG § 1B1.13(b)(1)(B)

3. The defendant is at least 65 years old, has served the lesser of 10 years or 75% of his sentence, and is experiencing a serious deterioration in physical or mental health because of the aging process, USSG § 1B1.13(b)(2);

4. The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of death or a serious deterioration of health, USSG § 1B1.13(b)(1)(C);

5. The defendant is housed in a correctional facility affected by or at imminent risk of an outbreak of an infectious disease and the defendant is at increased risk of suffering severe medical complications or death from the outbreak and such risk cannot be adequately mitigated, USSG § 1B1.13(b)(1)(D);

6. The death or incapacitation of the caregiver of a defendant's minor children or the incapacitation of a defendant's spouse or parents without any other available caregiver, USSG § 1B1.13(b)(3);

7. An inmate who has served 10 years of his sentence had imposed an unusually long sentence and changes in the law since sentencing would

produce a gross disparity between his sentence and the one that would be imposed today, USSG § 1B1.13(b)(6); or

8. There are "extraordinary and compelling reasons" to reduce the inmate's sentence, which may include "other reasons," which may include a combination of the factors mentioned above, USSG § 1B1.13.[1]

A defendant seeking a sentence reduction based on compassionate release carries the burden of establishing his entitlement to relief. If a defendant meets one of the threshold requirements for compassionate release, the district court must then consider the request for sentence reduction under the standards of § 3553(a). If a defendant fails to meet a threshold requirement for compassionate release, the district court has no authority to grant a motion for compassionate release.

## Factual Background

Defendant was sentenced to 293 months incarceration on November 6, 2019, after pleading guilty to Conspiracy to Possess with the Intent to Distribute and Distribution of Methamphetamine and Heroin. His presentence report documented a lifetime of criminal conduct and reengagement in drug trafficking within months of his release from prison for similar conduct. (Dkt. No. 232 at 11-20). Defendant's most recent drug trafficking offense involved the sale of heroin laced with fentanyl that resulted in the death of a 17-year-old downstream customer. (*Id*. at 8-9). The sale of the fatal dose of heroin was with Defendant's knowledge that another of his customers had overdosed on the same batch. (*Id*. at 9). The Court found at sentencing that the 293 month sentence

---

[1] The Sentencing Commission's Policy Statement, 1B1.13, amended November 1, 2023, sets forth a broad policy statement regarding what might be considered "extraordinary and compelling reasons" for the grant of compassionate relief, which may include "any other circumstance or combination of circumstances" which may be of such "gravity" to justify relief.

was necessary to deter Defendant and to protect the public from further crimes of the Defendant. (Dkt. No. 280 at 37-39). The Court was aware of Defendant's chronic kidney disease at the time of sentencing.

Defendant's current motion for compassionate release focuses on his alleged lack of access to adequate medical care and denial of reasonable access to a kidney transplant list. A similar argument was made in Defendant's third motion for compassionate release, and it was revealed that Defendant at that point had not made application for a kidney transplant with BOP officials. (Dkt. No. 440-1). Since then, Defendant has reached out to the BOP's transplant coordinator, and he has had ongoing communications with the transplant coordinator as well as BOP's regular medical staff.

An affidavit has been provided to the Court by Dr. Stephanie Swords, a BOP medical officer, concerning Defendant's present medical status and application for a kidney transplant. Dr. Swords stated that Defendant receives dialysis three times per week and his medical status has been stable and unchanged in the past eight months. (Dkt. No. 463-1). Dr. Swords detailed Defendant's recent application for a kidney transplant and discussions which he has had with the BOP's transplant coordinator. Among the issues discussed were the patient's drug abuse history, current status of treatment therapies attempted and completed, and history of non-compliance. Dr. Swords explained that Defendant's recent admission of fentanyl use while in BOP custody complicated his application for a kidney transplant because drug abuse is directly linked to transplant failure. (*Id*. at 2-3). Dr. Swords noted Defendant's recognition of the need to complete the BOP's drug treatment program, RDAP, as part of his ongoing application for a kidney transplant. (*Id*. at 3). Dr. Swords further stated that in her opinion Defendant is presently receiving

4

appropriate medical care while incarcerated and that he has access to community based medical services should specific medical services arise that cannot be provided in-house. (*Id.*).

**Discussion**

1. <u>None of the factors raised by Defendant, either individually or collectively, constitute extraordinary and compelling reasons for compassionate release</u>:  The record before the Court shows that at this time Defendant is not suffering from a physical condition for which he is not able to provide self-care or that he has a medical condition for which the BOP cannot provide appropriate specialized care.  To the contrary, the record shows that Defendant is receiving three times a week dialysis and his condition is being monitored and managed by available medical resources.  His condition is reported as stable and unchanged in recent months.  In regard to Defendant's claim that he has no access to a possible kidney transplant, the record shows that his application is presently being processed by a BOP transplant coordinator and that potential barriers include Defendant's ongoing challenges with drug abuse and his recent use of fentanyl while in the BOP.  In sum, Defendant has failed to establish extraordinary and compelling reasons for compassionate release.

2. <u>Even if Defendant's actions demonstrated "extraordinary and compelling reasons" for compassionate release," which the Court has found they do not, the Court would not grant Defendant's request for compassionate release at this time after weighing the factors set forth in 18 U.S.C. § 3553(a)</u>: Factors which weigh heavily against Defendant's request for compassionate release include the nature of the circumstances of his instant federal offense and his unrelenting criminal history of drug trafficking throughout his entire adult life.  Further, as the Court referenced in its July 23, 2024, order, Defendant retains the physical capacity to be engaged in criminal

activity if released. (Dkt. No. 440-1 at 3). The Court continues to find that Defendant's incarceration is necessary to protect the public from further crimes of the Defendant.

Based on the foregoing, Defendant's fourth request for compassionate release (Dkt. No. 452) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

October 22, 2025
Charleston, South Carolina